IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )  CIVIL ACTION NO. |
| v. | )  **COMPLAINT** |
| **FRIEDMAN REALTY GROUP, INC.**, | )  JURY TRIAL DEMAND |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Brianna Mazzella ("Mazzella") and other similarly aggrieved individuals. As alleged with greater particularity in paragraphs 11 and 12 below, Defendant Friedman Realty Group, Inc. ("Defendant") unlawfully subjected Mazzella, and other similarly aggrieved female employees to disparate treatment and discharge based on sex, and specifically, pregnancy.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Friedman Realty Group, Inc. ("Defendant Employer"), has continuously been a for-profit corporation doing business in the State of New Jersey and the borough of Gibbsboro, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Brianna Mazzella filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On June 19, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The EEOC engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On September 11, 2017, the Commission issued to Defendant Employer a Notice of

Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least March 2013, Defendant Employer has engaged in unlawful employment practices at its facilities in New Jersey and Pennsylvania, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a), by subjecting Mazzella to heightened job scrutiny, disparate discipline, and eventual termination because of pregnancy. These unlawful practices include but are not limited to the following:

   a) From November 2012 through her termination in August 2013, Brianna Mazzella worked for Defendant Employer as a Leasing Consultant at its Prospect Park, PA office. Mazzella performed her work without incident and received consistent raises and praise until March 2013.

   b) Defendant Employer's Regional Property Manager, Gina Mercurio, oversaw operations at several facilities and worked closely with Defendant Employer's founder and President, Brian Friedman ("Friedman"). Mercurio had the authority to discipline and terminate employees.

   c) In mid-March 2013, Mazzella disclosed to Mercurio that she was pregnant. Thereafter, Mercurio directed Mazzella to perform more onerous tasks previously not assigned. She also subjected Mazzella to heighted scrutiny and discipline.

   d) After Mazzella disclosed her pregnancy, Mercurio made disparaging comments about pregnancy, including that "pregnancy makes you retarded," "when women get pregnant they get stupid," and "I would never have kids, it's gross." In June

2013, Mercurio told Mazzella's immediate supervisor, Sumiko Chilcott that "we had to get rid" of Mazzella.

e) On August 27, 2013, Mercurio terminated Mazzella.

f) Defendant Employer terminated Mazzella because of her pregnancy.

12. Since at least March 2013, Defendant Employer has engaged in unlawful employment practices at its facilities in New Jersey and Pennsylvania, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a), by subjecting a class of similarly aggrieved female employees, including but not limited to Alison Robovitsky and Nichole Milano, to heightened job scrutiny, disparate discipline, and eventual termination because of pregnancy. These unlawful practices include but are not limited to the following:

a) From June 2010 to April 2013, Robovitsky worked for Defendant Employer as a Cleaner at its Prospect Park, PA office. Robovitsky performed her work without incident and received consistent praise.

b) Around early April 2013, Robovitsky told Mercurio and Friedman that she was pregnant. Thereafter, Mercurio wrote her up for poor performance.

c) Three days after disclosing her pregnancy in April 2013, Mercurio terminated Robovitsky.

d) Defendant Employer terminated Robovitsky because of her pregnancy.

e) From July 2015 through April 2017, Milano worked for Defendant Employer as a Leasing Consultant at its Somers Point, NJ office. Milano performed her work without incident and received consistent praise.

f) In or about January 2017, Milano told Friedman that she was pregnant. In March 2017, Defendant Employer posted an ad for her position.

    g) In April 2017, Defendant Employer terminated Milano.

    h) Defendant Employer terminated Milano because of her pregnancy.

13. The effect of the practices complained of in paragraphs 11 and 12 above has been to deprive Mazzella and a class of similarly aggrieved female employees, including but not limited to Robovitsky and Milano, who were pregnant at the time of their employment with Defendant Employer, of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

14. The unlawful employment practices complained of in paragraphs 11 and 12 above were and are intentional.

15. The unlawful employment practices complained of in paragraphs 11 and 12 above were and are done with malice or with reckless indifference to the federally protected rights of Mazzella and a class of similarly aggrieved female employees, including but not limited to Robovitsky and Milano, who were pregnant at the time of their employment with Defendant Employer.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against females because on her sex and in particular, her pregnancy.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mazzella, and a class of similarly aggrieved female employees, including but not limited to Robovitsky and Milano, who were pregnant at the time of their employment with Defendant Employer, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Mazzella, and a class of similarly aggrieved female employees, including but not limited to Robovitsky and Milano, who were pregnant at the time of their employment with Defendant Employer, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 and 12 above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mazzella, and a class of similarly aggrieved female employees, including but not limited to Robovitsky and Milano, who were pregnant at the time of their employment with Defendant Employer, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 and 12 above, in amounts to be determined at trial.

F. Order Defendant Employer to pay Mazzella, and a class of similarly aggrieved female employees, including but not limited to Robovitsky and Milano, who were pregnant at the time of their employment with Defendant Employer, punitive damages for its malicious and reckless conduct, as described in paragraphs 11 and 12 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James Lee
Acting General Counsel

Gwendolyn Young Reams
Associate General Counsel

*s/ Debra Lawrence*
Debra Lawrence
Regional Attorney

*s/ Maria Luisa Morocco*
Maria Luisa Morocco
Supervisory Trial Attorney

Jennifer L. Hope
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19146
(215) 440-2841