IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:17-cv-07659-KMW |
| | ) ) ) | |
| FRIEDMAN REALTY GROUP, INC., | ) ) | |
| Defendant. | | |

## CONSENT DECREE

On October 30, 2018, Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission" or "Plaintiff"), filed an Amended Complaint under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 alleging that Defendant, Friedman Realty Group, Inc. ("Defendant") unlawfully discriminated against Briana Mazzella ("Mazzella") by subjecting her to disparate treatment and discharge based on sex, specifically, pregnancy. The parties desire to resolve this action without the time and expense of continued litigation and, as a result, have jointly formulated a plan to be embodied in a Consent Decree ("Decree") that will promote and effectuate the purposes of Title VII. Defendant does not admit to any wrongdoing or having engaged in any discrimination as claimed in this matter.

The Court has examined this Decree and finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in its premises, it is ORDERED, ADJUDGED, AND DECREED:

## RELEASE OF CLAIMS

1. This Decree fully and completely resolves all issues, claims, and allegations raised in the Amended Complaint filed by the Commission in this action ("the Complaint") against Defendant.

2. This Decree in no way affects the Commission's right to bring, process, or investigate any other pending or future charges of discrimination that may be filed against Defendant or to commence civil actions on any such charges as the Commission sees fit.

## SCOPE OF DECREE

3. This Decree shall apply to Defendant's facilities in Pennsylvania and New Jersey.

4. This Decree shall be in effect for a period of two and a half (2.5) years from the date it is entered by the Court.

5. This Court shall retain jurisdiction over this matter and the parties for the duration of the Decree to enforce compliance with the Decree, including by issuing such orders as may be required to effectuate the purpose of the Decree. If the Court determines that Defendant has failed to meet the established terms at the end of two and a half (2.5) years, the duration of the Decree may be extended.

## MONETARY RELIEF

6. Within fourteen (14) days after entry of this Decree, Defendant shall issue to Mazzella a check in the amount of $30,000 for back pay and a check in the amount of $30,000 for non-pecuniary compensatory damages.

7. Defendant shall prepare and issue a W-2 form for the 2019 tax year to Mazzella for the amount of monetary relief designated as back pay. Lawful employment payroll deductions shall be deducted from the back pay amount, and the deductions shall be itemized.

any practice that the individual reasonably believed to be unlawful under Title VII or the PDA; (c) testified or participated in any manner in any discrimination investigation (including, without limitation, any internal discrimination investigation undertaken by Defendant) or proceeding, including any such investigation or proceeding undertaken in connection with the Complaint; (d) was identified as a possible witness or claimant in this action; or (f) sought and/or received any relief in accordance with this Decree. Such conduct violates Title VII, as set forth below:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

## EQUITABLE RELIEF

### Policies and Procedures

12. Defendant has recently adopted and disseminated a pregnancy discrimination policy prohibiting unlawful acts under Title VII and the PDA, including retaliation. Within fourteen (14) days upon entry of this Decree, Defendant shall provide the EEOC's counsel of record a copy of a signed acknowledgement form from each employee who has received a copy of the policy certifying that he or she has received, read, and understood the policy. Defendant shall disseminate a copy of the policy, with the acknowledgment form, to anyone who is interviewed and hired after the entry of this Decree and for the duration of this Decree.

### Training

13. Defendant will provide pregnancy discrimination training that addresses its pregnancy discrimination policy and Title VII, with a special emphasis on the PDA, to the following

8. Defendant shall prepare and issue a 1099 form for the 2019 tax year to Mazzella for the amount of monetary relief designated as non-pecuniary compensatory damages. Mazzella shall be responsible for all federal and state taxes in connection with this payment.

9. The checks and IRS forms shall be sent directly to Mazzella, via certified mail, at the address provided by the EEOC's counsel of record and a photocopy of the checks and related correspondence shall be sent to the EEOC's counsel of record at the same time that the documents are sent to Mazzella.

## INJUNCTIVE RELIEF

10. Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in any employment practice that discriminates on the basis of pregnancy. Such conduct violates Title VII and the Pregnancy Discrimination Act of 1978 ("PDA"), which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) . . . to discriminate against any individual with respect to his [or her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex . . . .

42 U.S.C. § 2000e-2(a)(1).

> (k) The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy. . . .

42 U.S.C. § 2000e(k).

11. Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are further enjoined from retaliating against any individual, including current and former employees, because he or she in the past, or during the term of this Decree: (a) asserted his or her rights under Title VII or the PDA, including by filing a charge of discrimination or filing an internal discrimination complaint with Defendant; (b) opposed

3

employees, who, following the entry of this Decree, are hired or promoted: all management, non-management, and human resources employees and all employees authorized to address pregnancy discrimination and retaliation complaints, employees authorized to investigate such complaints, and employees authorized to review the appeals of such complaints. This training shall be no less than two (2) hours and shall be provided for the duration of this Decree within 1 (one) month of the date of the employee's hire or promotion. Training sessions conducted after the entry of this Decree can be a recording of another training session Defendant has conducted on the same topics. Within fourteen (14) days upon the completion of each training, Defendant shall obtain a signed acknowledgement form from each employee who receives the training certifying that he or she understood the topics discussed therein.

14. Beginning in September 2019, and occurring annually thereafter until September 2021, Defendant will conduct training that addresses its pregnancy discrimination policy and Title VII, with a special emphasis on the PDA, and any new developments under Title VII and the PDA. This training shall be no less than one (1) hour and shall be conducted as a live, in person training, session. Within fourteen (14) days upon the completion of each training, Defendant shall obtain a signed acknowledgement form from each employee who receives the training certifying that he or she understood the topics discussed therein.

### Notice Posting

15. Defendant has recently posted an Employee Notice in its facilities regarding the prohibitions against discrimination under federal employment discrimination laws, specifically, Title VII and the PDA. This notice shall remain posted for the duration of this Decree.

### Reporting

16. Defendant will report to the EEOC any allegations or complaints of pregnancy discrimination that arise at any time within the duration of this Decree. Such allegations or complaints can be oral or written if reported and/or submitted to the employee authorized to address and/or investigate Defendant's discrimination complaints. Such allegations or complaints must be in writing if reported and/or submitted to Defendant's other employees. Defendant will submit to the EEOC's counsel of record the following information for any such allegation or complaint within thirty (30) days of receiving notice of the same: (i) the identity of the parties involved, including their full names, job titles, and contact information; (ii) a detailed summary of the allegations or complaint; (iii) the steps Defendant has taken to investigate the allegations or complaint; and (iii) the results of any such investigation including, but not limited to, any disciplinary action taken, including terminations, as a result of such investigation, if applicable.

17. For the duration of the Decree, Defendant shall inform the EEOC counsel of record in writing of any employment action or decision related to the resignation or termination of any employee known to Defendant to be pregnant. Within fourteen (14) days of such employment action or decision, Defendant shall provide the following information related to the employee: (i) the employee's full name, job title, and contact information; (ii) a summary of reasons why Defendant took such employment action, or, if applicable, why the employee requested that such employment action be taken; (iii) the date on which such action was taken; and (iv) a copy of any documents that relate to and/or support the employment action.

6

## Monitoring

18. The EEOC will monitor compliance with this Decree as follows:

   a. For the duration of this Decree, Defendant must create and maintain such records as are necessary to demonstrate its compliance with the Decree and 29 C.F.R. §1602 *et seq*.

   b. Any report, notification, or certification to the EEOC required under this Decree shall be sent to the EEOC's Counsel of Record, Tanisha Wilburn, Trial Attorney, Washington Field Office, 131 M Street, N.E., Suite 4NW02F, Washington, DC 20507.

   c. Annually from the entry of this Decree, and one (1) month before the expiration of this Decree, Defendant shall submit an affidavit or declaration from a person with personal knowledge establishing that it has complied with the injunctions in paragraphs 10 and 11.

   d. Annually from the entry of this Decree, and one (1) month before the expiration of this Decree, Defendant shall submit a copy of the acknowledgment form for each newly hired employee who received a copy of its pregnancy discrimination policy pursuant to paragraph 12.

   e. Annually from the entry of this Decree, and one (1) month before the expiration of this Decree, Defendant shall submit a copy of the acknowledgment form for each employee who received training pursuant to paragraphs 13 and 14.

   f. Annually from the entry of this Decree, and one (1) month before the expiration of this Decree, Defendant shall submit an affidavit or declaration from a person with personal knowledge confirming Defendant's continued compliance with the Notice posting requirement in paragraph 15.

   g. Annually from the entry of this Decree, and one (1) month before the expiration of this Decree, Defendant shall submit an affidavit or declaration from a person with personal knowledge confirming that it has complied with the reporting requirements in paragraphs 16 and 17, and, if necessary,

supplementing any information that has not already been provided to the EEOC consistent with the requirements in those paragraphs.

## MISCELLANEOUS PROVISIONS

19. Upon motion of the EEOC, the Court may schedule a hearing for reviewing compliance with this Consent Decree. Prior to such motion, the EEOC shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform the EEOC counsel of record, or deny the alleged non-compliance, in writing. If the parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach.

20. The Commission and Defendant shall bear their own costs and attorneys' fees.

21. The case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

22. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

By the Court:

Karen M. Williams
United States Magistrate Judge

Respectfully submitted,

FOR PLAINTIFF:

s/ Debra M. Lawrence
DEBRA M. LAWRENCE

FOR DEFENDANT:

s/ Steven E. Angstreich
STEVEN E. ANGSTREICH

8

Regional Attorney

s/ Maria Luisa Morocco
MARIA LUISA MOROCCO
Supervisory Trial Attorney

s/ Tanisha R. Wilburn
TANISHA R. WILBURN
Trial Attorney
U.S. EEOC
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Washington, D.C. 20507
Phone: 202-419-0712
Fax: 202-653-6053
tanisha.wilburn@eeoc.gov

WEIR & PARTNERS LLP
20 Brace Road, Suite 200
Cherry Hill, NJ 0803
856-740-1490
856-740-1491
sangstreich@weirpartners.com